# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2010

Lyle W. Cayce
Clerk

No. 10-50214
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MEDINA VASQUEZ, also known as Jesus Rolando-Morales, also known
as Felix Rasso Vasquez, also known as Jesus Medina-Vasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-488-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Medina Vasquez appeals his 96-month sentence imposed following
his guilty plea conviction for illegal reentry after removal, in violation of 8 U.S.C.
§ 1326.  He argues that the presumption of reasonableness does not apply to his
within-guidelines sentence because the illegal reentry guideline, U.S.S.G.
§ 2L1.2, is not supported by empirical data.  Vasquez also argues that the
sentence is greater than necessary to meet the sentencing goals outlined in 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 3553(a).  He contends that the sentence fails to account for the remoteness of his most serious offenses, fails to account for his lost opportunity to serve his state and federal sentences concurrently, and overstates the seriousness of his illegal reentry offense.

As Vasquez concedes, his argument that the presumption of reasonableness does not apply because § 2L1.2 is not empirically-based is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009), and *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008).

Vasquez's substantive reasonableness argument is likewise unavailing. Vasquez's arguments fail to overcome the presumption of reasonableness that attaches to his within-guidelines sentence.  *See Duarte*, 569 F.3d at 529-31. Vasquez's argument that the mitigating factors presented for the district court's consideration at sentencing should have been balanced differently is insufficient to disturb the presumption.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.